WO

KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Bejarano, | No. CV 21-00231-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Adam Shepherd, et al., | |
| Defendants. | |

**I.  Procedural History**

On February 8, 2021, Plaintiff Gilbert Bejarano and forty others, all of whom are or were confined in the Gila County Jail, filed a pro se Complaint in *Myers v. Shepherd*, CV 21-00212-PHX-JAT (CDB).  In a February 16, 2021 Order, the Court severed that action into individual actions for each Plaintiff; directed the Clerk of Court to assign a new case number to each new individual action and file a copy of the Order and the Complaint in each new case; dismissed the Complaint without prejudice and gave each Plaintiff thirty days to file, in his individual case, an amended complaint providing specific facts regarding how *he* was personally injured by the alleged constitutional violations and omitting facts regarding his former co-plaintiffs; and gave each Plaintiff thirty days to, in his individual case, either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis.  This case—*Bejarano v. Shepherd*, CV 21-00231-PHX-MTL (MTM)—is Plaintiff Bejarano's lawsuit.

In a February 25, 2021 Order, the Court reiterated that Plaintiff had thirty days from February 16, 2021, to (1) file an amended complaint providing specific facts regarding how he was personally injured by the alleged constitutional violations and omitting facts regarding his former co-plaintiffs, **and** (2) either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On March 5, 2021, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 6) and a First Amended Complaint (Doc. 5). The Court will order Defendants to answer the First Amended Complaint.

**II.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $61.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**III.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

TERMPSREF

(2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**IV.     First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues Defendants Gila County Sheriff J. Adam Shepherd, Jail Commander Justin Solberg, and "Head of Health and Nursing" Penni Padgett.  In each count, he contends he was subjected to cruel and unusual punishment.  He seeks monetary damages.

In **Count One**, Plaintiff alleges that "due to a system of deliberate indifference," Defendant Shepherd "failed to put any [quarantine] measures in place to prevent COVID or the spread of COVID once the outbreak occurred."  Plaintiff claims "no personal protective equipment, masks, disinfectant, etc. were . . . offered."  Plaintiff asserts Defendant Solberg "allowed jail staff to freely roam the Jail without masks, interact with detainees and pass out trays without PPE."  Plaintiff alleges Defendant Padgett "refused

to pass out masks when asked, denied requests for COVID tests and [vaccines] until all of jail was infected with COVID."

In **Count Two**, Plaintiff alleges Defendants Solberg and Padgett "allowed infected inmates from another county to enter the Jail and infect the jail population." Plaintiff asserts there are no quarantine measures in place to prevent infection or spread of the virus, no personal protection was issued until after the outbreak of COVID in the Jail." Plaintiff claims Defendants Solberg and Padgett "both failed to put in place measures to prevent COVID or the spread of COVID, putting [Plaintiff's] life and the life of everyone in [the] jail at risk." Plaintiff claims he contracted COVID-19 and is still suffering shortness of breath, loss of taste and smell, and sore muscles.

Liberally construed, Plaintiff has adequately stated Fourteenth Amendment conditions of confinement claims in Counts One and Two and the Court will require Defendants to answer the First Amended Complaint.

**V.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

TERMPSREF

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $61.66.

(3)   Defendants must answer the First Amended Complaint.

(4)   The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 5), this Order, and both summons and request for waiver forms for Defendants Shepherd, Solberg, and Padgett.

(5)   Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7)   The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

. . . .

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

. . . .

. . . .

      (11)   Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

      (12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

      (13)   This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 13th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge